UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

JASON WINEKE,

          Plaintiff,

v.                                   CAUSE NO. 1:22-CV-461 DRL-SLC

PATRICIA LAWRENCE *et al.*,

          Defendants.

## OPINION AND ORDER

Jason Wineke filed a *pro se* complaint requesting the court to "take on" what seem to be three decided small claims matters related to an eviction. He sues Nick's Packing Service, Mike Heimel Auction Service, Pat Lawrence, and Intervet, Inc., requesting that he not have to pay a cleaning fee, that his record show that he was not evicted, and that they give him his items back or, alternatively, that they compensate him for items that were discarded. He moves to proceed *in forma pauperis*.

The court must first determine whether his complaint is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against an immune defendant. 28 U.S.C. § 1915(e)(2)(B). Though the court must construe his complaint liberally, *see Erickson v. Pardus*, 551 U.S. 89, 94 (2007), it has "ample authority to dismiss frivolous or transparently defective suits spontaneously," *Hoskins v. Poelstra*, 320 F.3d 761, 763 (7th Cir. 2003).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The statement must contain enough factual matter, accepted as true, to state a plausible claim, not a speculative one. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). In addition, the complaint must contain a short and plain statement of the grounds for the court's jurisdiction. *See* Fed. R. Civ. P. 8(a)(1).

Mr. Wineke's complaint includes one three-sentence letter [ECF 1 at 29] as well as a series of attachments, which the court has reviewed liberally. The genesis of his claims seems to be his eviction from an unknown property and three related small claims actions. He includes copies of dockets from already-decided small claims actions against Defendants Nick's Packing Service and Mike Heimel Auction Service [*id.* 6], Intervet, Inc. [*id.* 22], and Pat Lawrence [*id.* 25], as well as photos of Marion Superior Court filings related to Pat Lawrence [*id.* 20-21] and a screenshot of an email related to the Nick's Packing Service and Mike Heimel small claims matter [*id.* 6].

The court has an independent obligation to ensure its subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3); *Smith v. American Gen. Life & Acc. Ins. Co.*, 337 F.3d 888, 892 (7th Cir. 2003). Mr. Wineke's complaint alleges that jurisdiction is proper as the United States government is the plaintiff [*id.* 30]. Of course, this isn't true.

Reading the complaint liberally, Mr. Wineke is asking the court to review decisions from these small claims courts. Any appeal he wished to pursue of these decisions was in the Indiana Court of Appeals (from Marion County), not this court.[1] See Ind. Code § 33-34-3-15.1. This court is precluded from exercising jurisdiction over claims that seek review of the state court judgments. *See District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 464 (1983); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 416 (1923); *Andrade v. City of Hammond*, 9 F.4th 947, 950 (7th Cir. 2021). The *Rooker-Feldman* doctrine bars attacks on issues actually decided in state court and those "inextricably intertwined" with the state judgment. *Feldman*, 460 U.S. at 482-84 n. 16. A claim is "inextricably intertwined" with a state court decision if the district court "is in essence being called upon to review the state court decision." *Id.*

Mr. Wineke literally asks this court to do just that. He says, "I request that you be the judge to take on this case" [ECF 1 at 29]. Despite Mr. Wineke alleging that his civil rights were violated on the

---

[1] Based on the filings, Mr. Wineke did just that. The copies of dockets show that he appealed the Intervet, Inc. matter [*id.* 22] and the Pat Lawrence matter [*id.* 25].

civil cover sheet [*id.* 30], the only injuries alleged by him derive from the small claims judgments. The complaint is nothing but an attempt to relitigate issues previously decided in state court, so this court does not have subject matter jurisdiction over his claims. *See Ritter v. Ross*, 922 F.2d 750, 754 (7th Cir. 1993) ("It is settled that 'a plaintiff may not seek a reversal of a state court judgment simply by casting his complaint in the form of a civil rights action'") (citation omitted). Nor would the court have jurisdiction over a purely state law claim seeking $20,000. See 28 U.S.C. §§ 1331, 1332.

Ordinarily, the court should afford a *pro se* litigant an opportunity to cure his defective pleadings. *Abu-Shawish v. United States*, 898 F.3d 726, 738 (7th Cir. 2018). No opportunity to cure would instill jurisdiction in this court to challenge what occurred as a result of these state court judgments.

Accordingly, the court DENIES the motion to proceed *in forma pauperis* [ECF 2] and DISMISSES this case under 28 U.S.C. § 1915(e).

SO ORDERED.

January 4, 2023                                                       *s/ Damon R. Leichty*
                                                                                  Judge, United States District Court